UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRANCE JAMES MATTHEWS,<br><br>               Plaintiff,<br><br>vs.<br><br>OLIVIA CRAVEN, MIKE MATTHEWS, JAMES DRESSEN, NORMAN LANGELAK, CRIS COLSON, CHIP MORGAN, and the STATE OF IDAHO,<br><br>               Defendants. | Case No. 1:20-cv-00037-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Terrance James Matthews was conditionally filed by the Clerk of Court due to his request for in forma pauperis status. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain court authorization to proceed.

The Court must screen all pauper complaints seeking relief against a government entity or official to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that Plaintiff must show either that his Complaint is timely or that adequate legal reason exists to excuse its untimeliness, as well as address other procedural concerns.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

**STANDARDS OF LAW**

1. **Screening Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff is required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute.[1] To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the

---

[1] Plaintiff also cites 42 U.S.C. § 1985 as grounds for his claims. However, pertinent portions of that statute, subsections (2) and (3) require allegations of a racial or class-based discriminatory animus behind the conspirators' actions. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

### 2. Statute of Limitations Standard

Under 28 U.S.C. § 1915(d), a district court may sua sponte (on its own motion) dismiss a frivolous action filed in forma pauperis. *Franklin v. Murphy*, 745 F.2d 1221, 1225-26 (9th Cir. 1984). An action is frivolous "where it lacks arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319 (1989). A case filed outside the statute of limitations period is legally frivolous. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). *Cf. Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (in habeas corpus context, finding the district court "has the authority to exercise its discretion by raising the statute of limitations sua sponte when doing so furthers the interests of comity, federalism, and judicial efficiency.") When a statute of limitations issue has been identified by the Court, the plaintiff must be given an opportunity to respond. *Id.* at 1043.

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is the same as the state personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange

---

1985(2) and 1985(3) require the element of class-based animus). Plaintiff has failed to allege that he is a member of a racial group or other protected class against whom a conspiracy was perpetrated.
INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

Act of 1934, not applicable here). In Idaho, that time period is two years. *See* Idaho Code § 5-219.

Although the state statute of limitations determines the deadline for filing a claim, federal law determines when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit Court of Appeals has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

In general, the statute of limitations for a § 1983 claim dependent upon a prior state court action to invalidate a conviction does not begin to run until the conviction is reversed, expunged or declared invalid, because a § 1983 cause of action does not arise until a declaration of invalidity. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

The Ninth Circuit Court of Appeals has held that, if a released plaintiff desires to bring a civil rights claim challenging a conviction not previously invalidated, he may do so. *See Nonnette v. Small*, 316 F.3d 872, 876-77 (9th Cir. 2002). However, the statute of limitations for his claim will not be lengthened as it is when a plaintiff first invalidates his conviction by pursuing a collateral review action, s*ee Heck v. Humphrey*, 512 U.S. at 489.

Under limited circumstances, untimely claims sometimes can be salvaged. State law governs equitable timeliness excuses. The Idaho Supreme Court has determined that

"[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

If claims are untimely filed and the untimeliness cannot be excused, they are subject to dismissal for failure to state a claim upon which relief may be granted. *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015). However, a complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## REVIEW OF COMPLAINT

1. **Factual Allegations**

Plaintiff brings a variety of substantive and procedural claims arising from an Idaho Commission of Pardons and Parole (ICPP) decision to revoke his parole in 2006, and from subsequent court decisions reviewing the parole revocation. Plaintiff claims that his parole revocation was wrongful, that he was denied due process in the state court system, and that the state courts ignored his actual innocence argument.

Plaintiff's claims arise from his 1991 conviction of two counts of lewd conduct with a child under sixteen and two counts of sexual abuse of a child under sixteen. He received four concurrent unified sentences of fifteen years, with five years determinate. *See State v. Matthews,* 124 Idaho 806, 864 P.2d 644 (Idaho Ct. App. 1993). In 1996, he was paroled, but his parole was revoked in February 2002. In May 2002, he was again paroled.

On July 29, 2005, Plaintiff was arrested for violating parole. He asserts that his parole was wrongfully revoked in 2006 when a polygraph examination he passed was reported as "failed." He was imprisoned after the parole revocation. In June 2010, he finally obtained and submitted a video recording of the polygraph examination to the Idaho Commission of Pardons and Parole (ICPP) at a hearing on a self-initiated progress report. As a result, he asserts, the ICPP granted him a tentative release date, but wrongfully conditioned release on completion of a sex-offender treatment program, instead of releasing him immediately.

Plaintiff's full-term release date was September 9, 2013. He was released from any further prison/parole obligations on that date and remains free.

Petitioner previously pursued many of his claims in habeas corpus and civil rights actions in state court. *See Matthews v. Jones,* 147 Idaho 224, 226–27, 207 P.3d 200, 202–03 (Idaho Ct. App. 2009); *Matthews v. Morgan*, 2009 WL 91510701 at *1, 3 (Idaho Ct. App. 2009); *Matthews v. Gebhart,* Docket No. 39666, 2012 WL 9494158 (Idaho Ct. App. 2012) (unpublished); *Matthews v. Craven*, 2014 WL 3945950, at *1-2 (Idaho Ct. App. 2014). He obtained no relief.

Plaintiff asserts that, during adjudication of these cases, the state district court and

appellate courts ignored his actual innocence arguments and denied him due process rights by "denying disqualifying jurist with cause, denying waiver of fees with less than $800 income," and denying his "right to appeal."

### 2. Discussion of Statute of Limitations Issue

To explain the late pursuit of his actions in state and federal court, Plaintiff asserts that he could not prove his 2005 polygraph test results were wrong until he received the audio-visual tape of polygraph examination on June 10, 2010. Using this as the "discovery" date of his cause of action when his federal statute of limitations began, the Court finds that his statute of limitations expired two years later, on June 10, 2012.

A later potential start date is February 9, 2011, when Plaintiff brought the error to the attention of the ICPP, but they chose to do nothing. Under this formulation, Plaintiff had until February 9, 2013, in which to bring a federal civil rights cause of action, asserting that the ICPP acted wrongfully.

Even if the Court uses the date Plaintiff served out his sentence, September 9, 2013, as the date he was released from the alleged "false imprisonment," his statute of limitations expired in 2015, five years before he filed this action.

Unfortunately, Plaintiff's federal statute of limitations is not extended by Plaintiff's decision to pursue various state court actions to try to obtain a remedy, rather than coming straight to federal court. State and federal courts have concurrent jurisdiction to adjudicate civil rights matters. The federal statute started upon "discovery" of his cause of action and kept running, regardless of which forum Plaintiff selected. Plaintiff seems to be mixing up federal habeas corpus law (which requires exhaustion of state *court* remedies and provides

for tolling of the statute of limitations while those actions are pending) and civil rights law (which requires exhaustion of prison *administrative* remedies when one is a prisoner).

As to Plaintiff's due process claims against the courts, he has not stated the dates the alleged denials of due process took place. Each date must be clarified in the amended complaint and the accompanying response to this Order so that the Court can determine whether each claim is timely.

### 3. Claims against Courts

Even if Plaintiff's claims against the "State of Idaho" courts are timely, there are other considerations that may prevent Plaintiff from proceeding. If the defendant court is construed as a *state* entity, the claim is barred by the Eleventh Amendment. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (recognizing that "whether the Mt. Healthy Board of Education is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend . . . depends, at least in part, upon the nature of the entity created by state law.").

Alternatively, if the court is construed as a *county* entity, Plaintiff must show that the execution of an official policy or unofficial custom inflicted the injury of which he complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A municipality is not liable for the acts of its employees simply because it is the employer. *Monell*, 436 U.S. at 691 (no respondeat superior liability).

Required elements of a § 1983 policy-based claim against a municipality or entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a custom or policy (which can include training policies); (3) the custom or policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the custom policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)).

Plaintiff has not included sufficient facts to state a policy-based claim against the county court. He must allege facts showing that the state actors took the unconstitutional actions *because of* a policy or custom, and not based solely on their own judgment and experience. He may amend or omit these claims, as necessary .

It is not necessarily a constitutional violation if a court decides to deny a litigant in forma pauperis status, preventing him from proceeding with a claim. The United States Supreme Court has explained that failing to grant in forma pauperis status in instances of frivolous filings is *not* contrary to the Constitution:

> [T]he Court waives filing fees and costs for indigent individuals in order to promote the interests of justice. The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. *Id.*, at 184, 109 S.Ct., at 996. The risks of abuse are particularly acute with respect to applications for extraordinary relief, since such

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

> petitions are not subject to any time limitations and, theoretically, could be filed at any time without limitation. In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny in forma pauperis status to those individuals who have abused the system. Under the circumstances of this case, we find it appropriate to deny in forma pauperis status to petitioner in this and all future petitions for extraordinary relief.

*In re Sindram*, 498 U.S. 177, 180 (1991).

Plaintiff has not provided enough facts to state a policy-based claim against the county courts. He must state each specific instance in which he was denied in forma pauperis status, providing the "who, why, when, where, and how" of each denial. He must also show how a policy or custom caused his in forma pauperis status to be denied, rather than that the judge determined, without reference to a policy or adherence to a custom, that Plaintiff's case was frivolous or failed to state a claim upon which relief can be granted.

### 4. Claims against the State of Idaho

The Eleventh Amendment prohibits a federal court from entertaining a civil rights lawsuit brought by a citizen against a state, unless that state waives its sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff cannot sue the "State of Idaho" or the courts as state entities in this federal action, and claims against this Defendant will be dismissed. They should not be included in an amended complaint.

5. **Claims Against Individuals**

While Plaintiff generally asserts that the ICPP director and members, his probation officer, and the polygraph examiner violated his constitutional rights, the claims are too vague to permit him to proceed. In his amended complaint, he must begin with the first Defendant, Olivia Craven, and provide the "why, when, where, and how" of each alleged constitutional violation. After briefing stating the facts underlying each instance in which Defendant Craven allegedly violated Plaintiff's rights, Plaintiff should then move on to the next Defendant and outline all of the facts that constitute each allege constitutional violation. Plaintiff should follow this same procedure for each Defendant. Claims that are clearly outside the statute of limitations should not be included in the amended complaint.

6. **Other Potential Barriers to Plaintiff's Causes of Action**

In one of Plaintiff's state court actions, the court determined that his claims were untimely, and that equitable tolling did not apply. In another, the court determined that Plaintiff does not have the rights he asserts. As a result, Plaintiff may face *Rooker-Feldman* and res judicata procedural bars in federal court.

A. *Challenges to State Court Actions that Have Concluded*

Federal courts cannot hear anew claims already adjudicated by the state courts. Whether federal subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462, 486 (1983). "This rule applies even though ... the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted). *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)(holding that lower United States federal courts may not sit in direct review of state court decisions). Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986). This rule of law is known as the "*Rooker-Feldman* doctrine."

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject matter jurisdiction over a proceeding in which a losing part in state court essentially seeks "appellate review" of the state judgment, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citation and punctuation omitted). The doctrine bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Mann*, 415 F.3d at 1042 (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

Therefore, if any of Plaintiff's claims have already been adjudicated in state court and Plaintiff seeks to overturn that judgment, Plaintiff cannot proceed here. These types of claims should be omitted from any amended complaint.

### B.  *Claim and Issue Preclusion*

Alternatively, if Plaintiff is not challenging the state court judgment itself, but bringing new claims that are the same or similar to those adjudicated in a prior case, those

claims, as well as those that *could* have been brought, may be barred by res judicata. The doctrine of res judicata ensures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits; consistent with these principles, a federal court may examine the res judicata effect of that prior judgment sua sponte. *McClain v. Apodaca*, 793 F.2d 1031, 1032B33 (9th Cir. 1986).

Res judicata principles apply in § 1983 actions. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984). "[P]rior state judgments have full preclusive effect even if the plaintiff had no opportunity to litigate the claim in a federal forum." *Hawkins v. Risley*, 984 F.2d 321, 322 (9th Cir. 1993). Federal courts apply state law to determine whether preclusion based on prior state judgment should be applied in federal court. *Hardwick v. Cty. of Orange*, 980 F.3d 733, 743 (9th Cir. 2020).

Res judicata includes two legal concepts—issue preclusion (collateral estoppel) and claim preclusion. *Berkshire Investments, LLC v. Taylor*, 278 P.3d 943, 951 (Idaho 2012). Either or both may be applied to bar a litigant from obtaining a "re-do."

Issue preclusion bars re-litigation of an issue previously determined in another case when:

> (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Stoddard v. Hagadone Corp.*, 207 P.3d 162, 167 (Idaho 2009).

Claim preclusion "bars a subsequent action between the same parties upon the same claim or upon claims relating to the same cause of action." *Id*. (quotation and punctuation omitted). Under this doctrine, a claim is precluded if it could have been brought in the previous action (regardless of whether it was actually brought) and when:

> (1) the original action ended in final judgment on the merits, (2) the present claim involves the same parties [or their privies] as the original action, and (3) the present claim arises out of the same transaction or series of transactions as the original action.

*Ticor Title Co. v. Stanion*, 157 P.3d 613, 618–20 (Idaho 2007); *D.A.R., Inc., v. Sheffer*, 997 P.2d 602, 605 (Idaho 2000).

Because Plaintiff has litigated his issues and claims many times before, it is possible that res judicata may bar him from litigating the same issues or claims in this action. Plaintiff's amended complaint should contain sufficient factual allegations for the Court to determine whether his claims or issues have already been decided by the state courts. Any amended complaint should state the reasons why a claim or issue that was decided by the state courts is not barred by res judicata.

### 7. Conclusion

Plaintiff cannot proceed. The Court will permit Plaintiff to file a response to this Order to address the procedural issues set forth above and show that he should be permitted to proceed on some or all of his claims. Providing copies of the pleadings, motions, and denial orders as exhibits to his response would also be helpful to the Court.

If Plaintiff has no facts showing that his claims accrued in or after January 2018 or no facts showing his untimely filing should be excused, he should file a notice of voluntary

dismissal. If he believes that any of his claims are not barred by the statute of limitations, he may file an amended complaint.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's in forma pauperis application (Dkt. 1) is GRANTED.

2. Plaintiff must file (1) an amended complaint, (2) a motion to review the amended complaint, and (3) a procedural issues response to this Order, within **60 days** after entry of this Order.

3. Plaintiff is warned that, if he does not file an amended complaint or anything further within the time frame specified above, his entire case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff may, in the alternative, file a notice of voluntary dismissal within **60 days** after entry of this Order.

DATED: February 9, 2021

_____
David C. Nye
Chief U.S. District Court Judge