UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRANCE JAMES MATTHEWS,<br><br>              Plaintiff,<br><br>vs.<br><br>OLIVIA CRAVEN, MIKE MATTHEWS, JAMES DRESSEN, NORMAN LANGELAK, CRIS COLSON, CHIP MORGAN, and the STATE OF IDAHO,<br><br>              Defendants. | Case No. 1:20-cv-00037-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

In the Initial Review Order, the Court ordered Plaintiff Terrance James Matthews to file an amended complaint addressing the threshold statute of limitations issue in his original Complaint (as well as many other pleading deficiencies). Plaintiff completed his sentence in 2013 and desires to pursue claims arising from an even earlier parole violation. The Court assumes without deciding that the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994), has ceased to apply because Plaintiff has served his complete sentence, and, therefore, that Plaintiff's statute of limitations began in accordance with the discovery rule set forth in case law, as explained below.[1]

---

[1] In *Stevenson v. Holland*, No. 116CV01831AWISKO, 2018 WL 1109707, at *4 (E.D. Cal. Mar. 1, 2018), the United States District Court for the Eastern District of California articulated this issue well:

(continued)

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

In the Initial Review Order, the Court provided Plaintiff with the standards of law for the statute of limitations, equitable tolling, and equitable estoppel. Dkt. 4. Plaintiff has filed his Amended Complaint, which is ripe for review. Dkt. 7.

## DISCUSSION

The complete standard of law governing statute of limitations issues is set forth in the Initial Review Order (Dkt. 4), and the Court repeats only the portion at issue here. The Ninth Circuit Court of Appeals has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d

---

At its core, the favorable termination rule, as first articulated in *Heck v. Humphrey* and extended by *Edwards v. Balisok*, precludes a prisoner from seeking damages for an alleged constitutional violation which, if established, would necessarily imply the invalidity of his conviction, sentence, or deprivation of good-time credits. *Heck v. Humphrey*, 512 U.S. at 487; *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Even after a sentence is served and a prisoner is released from custody, *Heck*'s favorable termination rule may apply. *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1191 (9th Cir. 2015); *Guerrero v. Gates,* 422 F.3d 697 (9th Cir. 2006); *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002); *cf. Spencer v. Kemna*, 523 U.S. 1, 19 (1998) (Souter, J., concurring) (The "better view" of *Heck*'s favorable termination requirement is that "a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that would impossible as a matter of law to satisfy" because it would be moot.) A "narrow exception" to the favorable termination rule exists where a § 1983 plaintiff challenging a prison disciplinary determination, who no longer meets the "in custody" requirement for filing a habeas petition, has diligent pursued relief. *See Guerrero v. Gates*, 442 F.3d 697, 704–05 (9th Cir. 2006); *Nonnette v. Small*, 316 F.3d 872, 876–77 (9th Cir. 2002). That exception only applies when the former prisoner plaintiff "challenges loss of good-time credits, revocation of parole or similar matters;" it does not apply to challenging underlying convictions. *Lyall*, 807 F.3d at 1192.

1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

In 1991, Plaintiff was convicted of two counts of lewd conduct with a child under sixteen and two counts of sexual abuse of a child under sixteen. He received four concurrent unified sentences of fifteen years, with five years determinate. *See State v. Matthews,* 124 Idaho 806, 864 P.2d 644 (Idaho Ct. App. 1993). In 1996, he was paroled, but his parole was revoked in February 2002. In May 2002, he was again paroled.

On July 29, 2005, Plaintiff was arrested for violating parole. He asserts that his parole was wrongfully revoked in 2006 when a polygraph examination he passed was reported as "failed." He was imprisoned after the parole revocation. In June 2010, he finally obtained and submitted a video recording of the polygraph examination to the Idaho Commission of Pardons and Parole (ICPP) at a hearing on a self-initiated progress report. As a result, he asserts, the ICPP granted him a tentative release date, but allegedly wrongfully conditioned release on completion of a sex-offender treatment program, instead of releasing him immediately. These factual circumstances between 2005 and 2010 underlie his present claims.

This federal case was filed on January 27, 2020. Dkt. 2. To explain the late pursuit of his claims, Plaintiff asserts that he could not prove his 2005 polygraph test results were wrong until he received the audio-visual tape of polygraph examination on June 10, 2010. Using this as the "discovery" date of his cause of action when his federal statute of

limitations began, the Court informed Petitioner that his statute of limitations expired two years later, on June 10, 2012. Dkt. 4.

Plaintiff fares no better under other potential start dates. A later potential start date is February 9, 2011, when Plaintiff brought the error to the attention of the ICPP, but they chose to do nothing. Under this formulation, Plaintiff had until February 9, 2013, in which to bring a federal civil rights cause of action, asserting that the ICPP acted wrongfully.

Even if the Court uses the date Plaintiff completed his sentence, September 9, 2013, as the date he was released from the alleged "false imprisonment," his statute of limitations expired in 2015, five years before he filed this action.

Plaintiff provides no dates in his Amended Complaint, contrary to the Court's Order. He asserts that his claims were "exhausted all the way to the 9th Circuit Court of Appeals. No 11-35553 on remand refilled CVOC-2013-16068, awaiting decision still on Motion to Reconsider." Dkt. 7, pp. 2-3 (verbatim).

Federal court records show that United States Court of Appeals for the Ninth Circuit case no. 11-3553 affirmed the dismissal of Plaintiff's similar claims on *Heck v. Humphrey* grounds while Plaintiff was still serving his sentence, but ordered the federal district court to dismiss the claims without, rather than with, prejudice.[2] This case has nothing to do with the present case, other than to raise the question of whether Plaintiff must satisfy *Heck v. Humphrey* before he can bring a civil rights lawsuit—which in turn means that his lawsuit

---

[2] *See* https://ca9-ecf.sso.dcn/cmecf/servlet/ShowDoc?caseId=220245&dktType=dktPublic&dls_id=009124334563&caseId=220245

presently is barred for failure to meet *that* requirement.

State court records show that Ada County District Court case no. CVOC-2013-16068 was closed on July 31, 2014, after the court granted the motion for summary judgment of the defendants (who are the same defendants here). Plaintiff filed a motion to reconsider on August 11, 2014, that indeed remains unadjudicated in that case.[3] The record shows that Plaintiff has done nothing in eight years to exercise diligence to follow up on the pending motion. In any event, whether that case is open or closed does not offer aid to Plaintiff's cause here. That case would serve only show that Plaintiff's claims may be barred by the *Rooker-Feldman* doctrine or res judicata (discussed in the Initial Review Order), or, especially pertinent here, that Plaintiff was indeed aware of his claims by at least 2013, confirming that his statute of limitations expired no later than 2015. *See also Matthews v. Jones,* 147 Idaho 224, 226–27, 207 P.3d 200, 202–03 (Idaho Ct. App. 2009); *Matthews v. Morgan*, 2009 WL 91510701 at *1, 3 (Idaho Ct. App. 2009); *Matthews v. Gebhart,* Docket No. 39666, 2012 WL 9494158 (Idaho Ct. App. 2012) (unpublished); *Matthews v. Craven*, 2014 WL 3945950, at *1-2 (Idaho Ct. App. 2014).

There is nothing in the record before this Court showing that Plaintiff's claims accrued in or later than January 2018, two years before the filing date. Plaintiff seems to be mixing up federal habeas law with civil rights law; for example, there is no "actual innocence" exception to application of the civil rights statute of limitations.

---

[3] *See* https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5

Because the claims are untimely and nothing in the record shows that any excuse for the untimeliness should be applied to permit the Court to hear the merits of the untimely claims, Plaintiff cannot proceed on his Amended Complaint. A claim is frivolous "where it lacks arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim filed outside the statute of limitations period is legally frivolous. *See Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming dismissal of a time-barred complaint as frivolous); *Julian v. Crystal Springs Rehab. Ctr.*, 884 F.2d 1395, n.2 (9th Cir. 1989) (unpublished) ("We agree with the district court that an untimely complaint is frivolous … because a complete defense is obvious from the pleadings and the deficiency cannot be cured by amendment."). Plaintiff's out-of-time claims are frivolous.

This case will be dismissed in its entirety. The Court finds it judicially efficient to include the alternative *Heck v. Humphrey* issue in its judgment. It appears that Plaintiff has no avenue remaining open to properly contest his parole revocation, which is required to lift the *Heck v. Humphrey* bar for any claims that would call into question the validity of the parole revocation. In any event, the Court will enter a judgment recognizing that, if Plaintiff *could* successfully overturn the original parole revocation decision, his claims *may* become ripe under the *Heck v. Humphrey* rule, because the statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the conviction is reversed, expunged or declared invalid. *See Heck*, 512 U.S. at 489.

///

///

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 6

## ORDER

**IT IS ORDERED** that, for the reasons set for above, this entire case is DISMISSED.

DATED: March 21, 2022

David C. Nye
Chief U.S. District Court Judge